IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ZACHARY REYNOLDS,                         :

      Plaintiff,

  v.                                              :

UNITED STATES OF AMERICA              Case No. 3:20-cv-00222
AND FRANK KENDALL III,
SECRETARY OF THE UNITED              JUDGE WALTER H. RICE
STATES AIR FORCE,                         :

      Defendants.

---

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT
TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6) (DOC. #29) AND
OVERRULING AS MOOT (1) PLAINTIFF'S MOTION FOR FEES AND
COSTS INCURRED BY DEFENDANTS' FAILURE TO WAIVE SERVICE
(DOC. #32) AND (2) PLAINTIFF'S MOTION TO RESTORE AMANDA
SMITH AND JEFFREY FREDERICK AS PERSONAL CAPACITY
DEFENDANTS AND ALTERNATE MOTION TO CONDUCT
JURISDICTIONAL DISCOVERY (DOC. #33); PLAINTIFF'S CLAIMS
UNDER THE REHABILITATION ACT AND THE FTCA ARE
DISMISSED WITH PREJUDICE; PLAINTIFF'S CLAIMS UNDER THE
WHISTLEBLOWER PROTECTION ACT ARE DISMISSED WITHOUT
PREJUDICE TO REFILING WITH THE PROPER AGENCY SUBJECT
TO THE STRICTURES OF FED. R. CIV. P. 11; JUDGMENT TO ENTER
IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF;
TERMINATION ENTRY

---

Plaintiff, Zachary Reynolds ("Reynolds" or "Plaintiff"), was a civilian

employee of the Department of the Air Force and worked at the Air Force

Research Laboratory ("AFRL Contracting") at Wright-Patterson Air Force Base,

Ohio. Because of a traumatic brain injury, he received limited work

accommodations for his disability. On June 8, 2020, he filed a Complaint in this Court against the Secretary of the Air Force and four managerial employees who worked at AFRL Contracting: Amanda Smith, Jeffrey Frederick, Lisette Leduc and Joseph Leising. Doc. #1. The United States was later substituted as a party for these four employees. Doc. #20.

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Doc. #29. Reynolds has filed a Response opposing the Motion, Doc. #30, and Defendants have filed a reply. Doc. #31. Plaintiff has also filed a Motion for Fees and Costs Incurred by Defendants' Failure to Waive Service, Doc. #32, and a Motion to Restore Amanda Smith and Jeffrey Frederick as Personal Capacity Defendants and Alternate Motion to Conduct Jurisdictional Discovery. Doc. #33. Responses, Doc. ##35 and 36, and a reply, Doc. #37, were filed. All of the motions are ripe for decision.

## I. Factual Background and Procedural History

As a result of an automobile accident in 1998, Reynolds suffers from paralysis, altered gait, visual impairment, spasticity and tremors. He is also more susceptible to the physical effects of stress. Doc. #27, PageID#255. From 2004-2017, the Air Force offered him limited work accommodations. These included giving him additional time to complete his work, excusing him from all tasks involving fine motor skills and providing him with employee assistance for

2

manual office tasks. *Id.*, PageID##257 and 269. He received satisfactory and "glowing performance" appraisals and was awarded the Mentor of the Quarter for the fourth quarter of 2016. The certificate for this award was signed by Joseph Leising. *Id.*, PageID##260 and 269-270.

On August 18, 2017, Plaintiff received an office-wide email invitation for a party at Miami Valley Gaming, a harness racing track and casino located near Lebanon, Ohio. *Id.*, PageID#255; https://miamivalleygaming.com. The email was sent by a supervisor. Reynolds emailed Rob Lorton ("Lorton"), an AFRL Contracting Manager. He stated that this invitation violated federal and Air Force Instruction (AFI) regulations prohibiting gambling activity. *Id.*, PageID#256. Plaintiff's email also stated that a manager, Amanda Smith ("Smith"), had sent other work emails promoting the sale of raffle tickets for prizes. Lorton cancelled the Miami Valley Gaming event. He emailed Reynolds and told him that the use of raffles for fundraising would also stop. *Id.*

Thereafter, Reynolds alleges he was "verbally admonished" by Lorton and Smith for stating his concerns about gambling via email. *Id.*, PageID#256. Smith told Plaintiff she "thought we were friends." She also told him his actions had ended "all AFRL Contracting efforts to boost morale," that people were "disappointed" and were "gossiping" about the event's cancellation. *Id.*, PageID##256-258. Smith then allegedly began a "years-long pattern of retaliation and harassment" directed at Reynolds. *Id.*, PageID#258. This included excluding him from an office party in October 2017 and greeting other employees but not

acknowledging him. She told him during his November 2017 mid-term appraisal that his "contract file organization skills were beginning to suffer." *Id.* When Plaintiff explained he was excused from manually assembling files, Smith mocked his disability and work accommodation. *Id.*

In February 2018, Plaintiff received an official reprimand from Smith for leaving his identification badge at his desk. *Id.*, PageID#259. In response to this reprimand, he filed a grievance pursuant to the Negotiated Grievance Procedure in the Air Force Material Command Master Labor Agreement ("MLA"). His grievance requested the removal of the letter from his personnel file and stated that another employee had left his badge at his desk and had not received a reprimand. *Id.*, PageID#259. The grievance also requested a transfer out of Smith's department. When his grievance was denied, Reynolds filed an appeal pursuant to Step II of the Negotiated Grievance Procedure. As a result, the reprimand letter was removed from his personnel file. *Id.* His requested transfer out of Smith's department, however, was denied. *Id.* Plaintiff does not allege that he filed an appeal concerning the transfer denial.

In May 2018, Reynolds requested telework and sick leave to accommodate his disabilities. *Id.*, PageID#260. These requests were denied by a new supervisor, Jeffery Frederick ("Frederick"). *Id.* Also, in 2018, Plaintiff applied for "a promotion opportunity" at AFRL Contracting. *Id.*, PageID#261. He has alleged Smith did not include him in "preparation sessions" that she held for those interested in the position. He further alleges that despite his qualifications, she selected another

4

candidate. *Id.* During this time period, Smith displayed a book on her desk entitled, "The Uncivil Servant: Holding Government Employees Accountable." *Id.*, PageID#261. Reynolds alleges she did this to intimidate him. In September 2018, Reynolds reported to Frederick that Smith directed employees to withhold information from Air Force attorneys who were conducting legal reviews of contracting actions. In November 2018, his responsibility for administratively closing contracts was taken away. *Id.*, PageID#262.

In December 2018, Plaintiff 's disability accommodation request was approved by Frederick. He stressed that this approval applied only to AFRL Contracting. *Id.*, PageID#263. Reynolds has alleged Frederick did this because he knew Reynolds was transferring "to another office." *Id.*

In 2018 and 2019, Smith and Frederick "administered appraisals" of Plaintiff's work performance. These allegedly "contained falsehoods," omitted information and penalized Plaintiff for his disabilities. *Id.*, PageID##260 and 263. In July 2019, Frederick gave Plaintiff his final AFRL Contracting appraisal. *Id.*, at PageID#263. Frederick handwrote the "time and cash awarded" to him on the back of the July 2019 appraisal instead of on the front of the form. *Id.* He stated he had been instructed to prepare the appraisal in this manner. *Id.* Reynolds has alleged he later learned information handwritten on the back of the appraisal forms is not included in the Air Force's personnel records. He told Frederick he would "neither sign nor concur with the July 2019 "incomplete appraisal." *Id.*, PageID#264. Plaintiff alleges Frederick altered the appraisal so it appeared he was

5

in agreement with it. *Id.* Frederick then contacted Reynolds's new managers and disparaged him and caused Plaintiff to suffer "reputational harm." *Id.*

In November 2019, Reynolds requested expanded telework for the winter months. *Id.*, PageID#265. He stated he was concerned about falling due to the weather and the poor condition of the parking lot. Plaintiff received from the Air Force a form which required him to provide "an onerous list" of "unnecessary medical information" so his request could be evaluated. *Id.* He alleges that from November 2019 through December 2020, his request for telework was denied by the Air Force. *Id.*, PageI#275.

On December 11, 2019, Reynolds "registered a complaint" for his federal claims of discrimination with an Equal Employment Opportunity Office ("EEO") Counselor at Wright-Patterson Air Force Base.[1] *Id.*, PageID#264; Doc. #27, PageID#285. All documents were received by the EEO Counselor on January 11, 2020. *Id.*, PageID#286. On February 25, 2020, Plaintiff signed a formal complaint

---

[1] Plaintiff has attached to his First Amended Complaint, Doc. #27, and to his Complaint, Doc. #1, several exhibits which include, among other things, filings from him to the EEO Counselor, Doc. #29-1, PageID##352-368, the Counselor's Report, Doc. #27, PageID##285-289, a Receipt of Formal Discrimination Complaint, *Id.*, PageID#290, an Administrative Tort Claim, *Id.*, PageID#291, and a Final Administrative Decision of March 26, 2020. *Id.*, PageID##292-294. Pursuant to *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008), in ruling on a motion to dismiss, the Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.* at 430. Additionally, where inconsistency exists between allegations in a complaint and an exhibit, the general rule is that the exhibit controls. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 441 (6th Cir. 2012) (citation omitted).

6

of discrimination. This was received by the EEO on February 27, 2020. *Id*,
PageID##290-292. He included with his discrimination complaint a 14-page
attachment which contained "(76) items of allegations and background
information."[2] *Id*. PageID##292-293.

On March 26, 2020, a Final Agency Decision ("FAD") was issued. It
dismissed Plaintiff's claims because he failed "to comply with the applicable time
limits for seeking EEO counseling." *Id.*, PageID#292. It explained that "[T]o be
timely[,] the complaint must bring complaints of discrimination to the attention of
the EEO [C]ounselor within 45 days of the date of the matter alleged to be
discriminatory, or in the case of a personnel action[,]within 45 days of the
effective date of the action." *Id*. The FAD stated the complaint referenced "actions
that date back to August 2017 and an appraisal action produced in July 2019."
Plaintiff, however, did not contact the EEO until December 11, 2019. *Id*.

On December 11, 2019, Plaintiff also filed a claim under the Federal Tort
Claims Act ("FTCA"). This was acknowledged by the Air Force on January 10,
2020. *Id.*, PageID#291.

Plaintiff's First Amended Complaint, Doc. #27, alleges four causes of action:
(1) disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. §§ 791,
794 ("Rehabilitation Act") (First and Fourth Causes of Action); (2) violations of the

---

[2] The 14-page attachment received by the EEO is similar to the Complaint filed in this
Court. Doc. #1; Doc. #29-1, PageID##355-368.

Whistleblower Protection Act, 5 U.S.C. § 2302(b) ("WPA") (Second Cause of Action); and (3) and negligence under the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA") (Third Cause of Action).

Following a review of the factual background and standard of review, the Court will first analyze Defendants' Motion to Dismiss, Doc. #29, followed by Plaintiffs' Motions for Fees and Costs, Doc. #32, and to Restore Personal Capacity Defendants Smith and Frederick and Alternative Motion to Conduct Jurisdictional Discovery. Doc. #33,

## II. Fed. R. Civ. P. 12(b)(1) and 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

8

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), which can be made at any time, *In re Federated Dep't Stores, Inc.*, 328 F.3d 829, 833 (6th Cir. 2003), may either "challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). "Under a facial attack, all of the allegations in the complaint must be taken as true. . . Under a factual attack, however, the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *McCormick v. Miami University*, 693 F.3d 654 (6th Cir. 2012) (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir.2012). " Making this "crucial distinction, often overlooked," is essential to determining the proper standard of review to apply. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884,890 (3d Cir. 1977)).

9

III.    **Defendants Motion to Dismiss, Doc. #29**

Defendants move for dismissal of Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[3] They argue that the First and Fourth Causes of Action under the Rehabilitation Act, the Second Cause of Action under the WPA and the Third Cause of Action under the FTCA should be dismissed with prejudice for failure to exhaust administrative remedies.  Doc. #29, PageID#332.  A failure to exhaust the administrative remedies at the administrative level is "a condition precedent to an action in federal court" and not a "jurisdictional bar." *McKnight v. Gates*, 282 F. App'x 394, 397 n. 2 (6th Cir. 2008) (citing *Zipes v. Trans World Airlines*, 455 U.S. 385, 393–98, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).  Like a statute of limitations, however, it may be waived. *Mitchell v. Chapman*, 343 F.3d 811, 819–20 (6th Cir.2003) (exhaustion of administrative processes for filing a claim of discrimination is a condition precedent to filing suit in the district court and not a jurisdictional prerequisite).  Waiver, estoppel and equitable tolling may be asserted to defeat a failure to exhaust argument.  *Zipes*, 455 U.S. at 394 (the administrative provisions requiring an employee to pursue a charge of discrimination with the EEOC are conditions precedent to suit subject to waiver, tolling and estoppel).  A "dismissal for failing to meet a condition precedent is a decision on the merits only if [based on the

---

[3] "Normally, Rule 12(b)(6) judgments are dismissals on the merits and Rule 12(b)(1) dismissals are not" since lack of subject matter jurisdiction in one court "does not necessarily mean another court does not have jurisdiction." *Truitt v. County of Wayne*, 148 F.3d 644,647 (6th Cir.1998).

facts alleged,] the aggrieved party is permanently foreclosed from fulfilling the condition." *Mitchell*, 343 F.3d at 820.

Defendants also assert that the Second and Third Causes of Action, alleged violations of the WPA and the FTCA, should be dismissed for lack of subject matter jurisdiction.

The Court will analyze each of Plaintiff's claims below.


### A. First and Fourth Causes of Action: The Rehabilitation Act of 1973, 29 U.S.C. §§ 791 and 794

Complaints filed by federal employees alleging employment discrimination are governed by the Federal Sector EEO process. 29 C.F.R. Part 1614. Pursuant to 29 C.F.R. § 1614.105(a), a federal employee who believes he has been "discriminated against on the basis of . . . disability. . ., must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." *Id.* The "aggrieved person must initiate contact with a[n EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *Id.* 29 C.F.R. § 1614.105(a)(1); *Horton v. Potter*, 369 F.3d 906, 910 (6th Cir. 2004) ("Timely contact with an EEO Counselor is an administrative remedy that a federal employee must invoke before he may bring a claim of employment discrimination in federal district court.") (quoting *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir.1991). If there is non-compliance with the 45–day limitation period, the agency must dismiss the

complaint. *Horton*, 369 F.3d at 910. The limitations period begins to run when the adverse employment decision is communicated to the plaintiff. *EEOC v. United Parcel Serv., Inc.*, 249 F.3d 557, 561–62 (6th Cir. 2001) (per curiam) ("[T]he United States Supreme Court has held that the limitations period does not begin to run on a claim for employment discrimination until an employer makes and communicates a final decision to the employee.").

Defendants argue that Reynolds First and Fourth Causes of Action for violations of the Rehabilitation Act should be dismissed for failure to exhaust administrative remedies. For the reasons set forth below, the Court agrees and dismisses these two causes of action with prejudice for failure to comply with the 45-day limitation period.

### 1. First Cause of Action: Failure to Offer Reasonable Accommodation

The First Cause of Action alleges Defendants failed to offer Plaintiff a "reasonable accommodation."[4] Defendants argue that this cause of action should be dismissed because Plaintiff failed to contact an EEO Counselor within 45 days of the discriminatory act as required by 29 C.F.R. § 1614.105(a)(1).

In response, Plaintiff argues that Defendants "waived" the 45-day time limitation to initiate contact with an EEO Counselor. He asserts the untimeliness

---

[4] Although Defendants assert the First Cause of Action does not specify what "reasonable accommodation" was denied to Plaintiff, he has alleged that his "limited accommodations" were rescinded" in August 2017, after he reported the "casino offsite and the gambling-centric atmosphere in AFRL Contracting." Doc #30, PageID#371.

12

waiver occurred in (1) the "written appeal decision" issued in Step II of the Negotiated Grievance Procedure; (2) the "March 26, 2020, email" sent by "the Air Force EEO[C] [C]ounselor," Doc. #30, PageID#375; and (3) § 6.03 of the Air Force Material Command collective bargaining agreement.

Although Plaintiff is correct that the 45-day requirement to contact an EEO Counselor can be waived, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982) (timely charge of discrimination with the Equal Opportunity Commission is not a jurisdictional prerequisite to suit in federal court and can be waived), no waiver occurred in this case.

Plaintiff cites *Lord v. Holder*, 568 Fed. Appx. 435 (6th Cir. 2014), as support for his waiver arguments. This case, however, states that waiver occurs only if "the untimeliness defense" is not addressed after the issuance of a "final order after an administrative hearing" or "final" agency decision. 548 F. App'x at 438-439 (citing *Horton v. Potter*, 369 F.3d 906, 911 (6th Cir.2004). The "written appeal decision," Step II of the Negotiated Grievance Procedure[5] and the "March 26,

---

[5] Additionally, Plaintiff did not appeal the denial of his requested transfer out of the department and thereby failed to exhaust his administrative remedies. Because he failed to exhaust his administrative remedies under the collective bargaining agreement, he is unable to pursue any claim under the Rehabilitation Act. *Smith v. Kaldor*, 869 F.2d 999 (6th Cir. 1989) (employee at veteran's administration hospital who filed grievance for wrongful discharge with union pursuant to collective bargaining agreement was unable to pursue statutory remedies under Title VII until he exhausted the third and fourth step of the negotiated grievance procedure).

13

2020, email"[6] are not "final order[s] after an administrative hearing" or "final" decisions of an agency decision.

Finally, there is no merit to Plaintiff 's third waiver argument based on § 6.03 of the Air Force Material Command collective bargaining agreement. Although the agreement states that the negotiated procedure does not prejudice any aggrieved employee from requesting the Equal Employment Opportunity commission to review a final decision involving a complaint of discrimination of the type prohibited by the agreement, the time to present a discrimination claim to the EEOC is not "waived" because an aggrieved employee pursues an internal appeal process. *Banerjee v. Univ. of Tennessee*, 820 F. App'x 322, 330–31 (6th Cir. 2020) (statute of limitation for Title VII claim by university professor for discrimination not tolled through her use of university's internal appeals process).

Plaintiff has provided no dates for the first act of discrimination other than alleging it was sometime in the early fall of 2017. Similarly, he alleges only that the last act of discrimination occurred sometime in July 2019 when he received his appraisal from Frederick. Even assuming the last act occurred on July 31,

---

[6] Even assuming Plaintiff intended to refer to the <u>enclosures</u> in the March 26, 2020, email, the EEO Counselor's report and the March 26, 2020, Final Agency Decision, his waiver argument still fails. The EEO Counselor's report is not a final agency decision or final order but merely an investigation. The Sixth Circuit has held that a federal agency does "not waive the defense of an untimely request for counseling merely by receiving and investigating [the] complaint of discrimination." *Horton*, at 369 F.3d 911.

2019, Plaintiff should have initiated contact with the EEO Counselor on or before

September 14, 2019, 45 days later. This he failed to do.

Finding no waiver of the 45-day time limitation, the First Cause of Action is

dismissed for failure to exhaust administrative remedies. Because Reynolds is

"unable to rewind the clock" and "fulfill the condition," *Mitchell*, 343 F.3d at 820,

the dismissal is with prejudice.

### 2. Fourth Cause of Action: Failure to Offer Reasonable Accommodation for Telework from November 2019 through December 2020

The Fourth Cause of Action alleges it is "predicated upon the Air Force's

continued" denial of Plaintiff's request for telework as an accommodation for his

disability. Doc. #27, PageID#275. This request was allegedly first made in

November 2019 and continued through December 2020. *Id*. As stated in the

March 26, 2020, Final Agency Decision ("FAD"), Reynolds sent his complaints to

the EEO Counselor on December 11, 2019. He later filed a formal discrimination

complaint alleging disability and hostile work environment. As stated in the

March 26, 2020, FAD, the formal complaint referenced actions that dated "back to

August 2017 and an appraisal action produced in July 2019." There is no

reference to any alleged denial of telework beginning in November 2019 and

continuing through December 2020 in the EEO Counselor's Report, in Reynolds

14-page attachment to the formal discrimination complaint with its "76 items of

allegations," Doc. #27, PageID##292-293, or in the FAD. Accordingly, the Court

finds Plaintiff has failed to exhaust his administrative remedies for the Fourth

Cause of Action. Additionally, because he "will forever remain unable[,] to meet with an EEO [C]ounselor within forty-five days of the discriminatory act as required by 29 C.F.R. § 1614.105," *Mitchell*, 343 F.3d at 820, this cause of action is dismissed with prejudice.

### B. Second Cause of Action: Violation of the Whistleblower Protection Act

Plaintiff alleges in his Second Cause of Action that Defendants violated the Whistleblower Protection Act ("WPA"), by retaliating against him for engaging in protected activity. The protected activity included the following disclosures: his August 2017 disclosure to Lorton that the Miami Valley Gaming invitation was in violation of federal and Air Force regulations; his November 2018 disclosure to Frederick that Smith was instructing employees to conceal information from Air Force attorneys; and his 2019 disclosure to AFRL Contracting management that information was being omitted from his appraisals. He further alleges that as a result of these disclosures, Defendants took certain adverse "personnel actions" against him. These included the performance appraisals he received between August 2017 and July 2019, "management's instruction to curtail" his disability accommodations, Smith's failing to promote him to a position "for which he was qualified" and his receiving a written reprimand for leaving his identification badge at his desk. Doc. #27, PageID#271.

Defendants argue that Plaintiff's Second Cause of Action under the WPA should be dismissed, with prejudice, because he failed to exhaust his administrative remedies and for lack of subject matter jurisdiction.

Under the WPA, an aggrieved employee must first exhaust his administrative remedies. *Manning v. McDonald*, No. 3:16-CV-00706, 2017 WL 587979, at *3 (M.D. Tenn. Feb. 13, 2017) (citing *Weaver v. U.S. Info. Agency,* 87 F.3d 1429, 1433; see also *Heard v. U.S. Dep't of State*, No. CIV.A. 08–02123 RBW, 2010 WL 3700184, at *6 n.7 (D.D.C. Sept. 17, 2010).[7]  In general, these remedies require the employee to do only one of the following: (1) under certain circumstances, he can directly appeal the agency's action to the Merit Service Protection ("MSPB"), pursuant to 5 U.S.C. § 7121(g)(3)(A); 5 U.S.C. § 43035; and 5 U.S.C. § 7513; (2) request the complaint be investigated by the Office of Special Counsel ("OSC"), under 5 U.S.C. §§ 7121(g)(3)(C) & (4)(C); 5 U.S.C. § 1214;[8] or (3) file a grievance as permitted under the employee's collective bargaining agreement, pursuant to 5 U.S.C. §§ 7121(g)(3)(B). The WPA states that the procedures in the collective bargaining agreements "shall be the exclusive

---

[7] In holding that the exhaustion of remedies was required under the WPA, *Heard* cited *Weaver v. U.S. Info. Agency*, 87 F.3d 1429, 1433 (D.C. Cir. 1996), a case that dealt with the exhaustion of remedies under the Civil Service Reform Act ("CSRA").  It noted that "the WPA amends the list of prohibited personnel practices under the framework of the CSRA, 5 U.S.C. § 2302," making the exhaustion discussion in *Weaver* "applicable to the WPA." *Heard*, 2010 WL 3700184, at *6, n. 7.

[8] After the investigation, the Office of Special Counsel ("OSC") may petition the Merit Service Protection Board on behalf of the employee.  If, however, the OSC finds no wrongdoing, the employee may bring an action pursuant to 5 U.S.C. §§ 1221, 1214(a)(3).

administrative procedures for resolving grievances that fall within their coverage." 5 U.S.C. § 7121(a)(1); *see also Manning*, 2017 WL 587979, at *3 and *4 (citing 5 U.S.C. § 7121(g)(2)–(3) and explaining in detail the three administrative remedies); *Weber v. United States*, 209 F.3d 756, 758 (D.C. Cir. 2000) (describing whistleblower protection procedures under Title 5).

Judicial review is afforded the employee under the WPA for the first and second administrative remedies listed above in either the Federal Circuit or, in certain situations, "in any court of appeals of competent jurisdiction." 5 U.S.C. §§ 7703(b)(1)(A)–(B). Judicial review of a decision under the collective bargaining agreement (the third remedy) is also permitted, as provided for in the agreement and as provided under 5 U.S.C. § 7121(f). "Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002).

Plaintiff does not argue that he complied with any of the above administrative procedures. Instead, he asserts that under *Kloeckner v. Solis*, 568 U.S. 41 (2012), this Court has jurisdiction because he has a "mixed case." Under *Kloeckner*, the Supreme Court held that a "mixed case" exists and the federal district court has jurisdiction "[W]hen an employee complains of a personnel action serious enough to appeal to the [Merit Service Protection Board] and alleges that the action was based on discrimination." *Id.*, at 44. Although Plaintiff has alleged discrimination based on his disability, no "mixed case" exists since a

failure to promote is not a "personnel action serious enough to appeal to the MSPB." *Id.*

In *Fuerst v Sec'y of the Air Force*, 978 F.3d 369 (6th Cir. 2020), the Court of Appeals explained that a "mixed case" must include an "appealable agency action." The actions that Congress has authorized the MSPB to hear include the following: (1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less. 5 U.S.C. § 7512. *Id.*, at 372. A failure to promote is not a reduction in pay. *Gang v. U.S. Dep't of Energy*, No. 3:14-CV-01099-KI, 2014 WL 7237699, at *7 (D. Or. Dec. 17, 2014) (court lacked jurisdiction of plaintiff's WPA claim because a failure to promote is not a "serious adverse personnel action"); *Mirza v. Dep't of Treasury*, 875 F. Supp. 513, 520–21 (N.D. Ill. 1995) (because the "'adverse actions' in 5 U.S.C. § 7512 are exhaustive," the "MSPB lacks jurisdiction over claims of discrimination concerning promotions, performance evaluations, or any other personnel actions which are not themselves appealable to the MSPB.").

Because Plaintiff's failure to be promoted in 2018 is not a "mixed case" under the WPA, the Court lacks subject matter jurisdiction of this claim. Additionally, this Court lacks subject matter for any of the other alleged adverse personnel actions taken against him, including the performance appraisals he received between August 2017 and July 2019, the alleged directive from "management" to limit and/or rescind his disability accommodation and the

denial of his request to transfer out of his department.[9]  Accordingly, this Court lacks subject matter jurisdiction of all claims alleged by Plaintiff under the WPA, and dismisses them without prejudice to refiling, if timely, with the proper agency or court subject to the strictures of Fed. R. Civ. P. 11

### C. Third Cause of Action: Negligence under the Federal Tort Claims Act

Plaintiff's Third Cause of Action asserts a claim under the FTCA. This act covers injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b).  Under the FTCA's limited waiver of sovereign immunity, the United States "can be sued only to the extent that it has waived its immunity." *U.S. v. Orleans*, 425 U.S. 807 (1977).

Reynolds alleges that Defendants "had an affirmative duty to abide by federal anti-discrimination laws and agency rules governing the employment relationship."  He further alleges "[A]gency expenditures concerning the purchase of the book, The Uncivil Servant," breached a duty to be "good stewards" and that Defendants are liable for negligent hiring, retention and supervision.  He has alleged that his claims were "presented" on December 11, 2019, and received on January 10, 2020.

---

[9] Plaintiff has alleged he successfully appealed the reprimand he received for leaving his identification badge at his desk through the Negotiated Grievance Procedure in the collective bargaining agreement. His request for a transfer out of the department was, however, denied and was not appealed further by him.

Defendants move for dismissal of this Third Cause of Action due to Plaintiff's failure to exhaust administrative remedies.  They also argue that dismissal with prejudice is required because exclusive remedies exist under the Rehabilitation Act and the Civil Service Reform Act ("CSRA").

To exhaust administrative remedies under the FTCA, a claim must state a "sum certain."  *Jones v. Johnson*, 707 F. App'x 321, 331 (6th Cir. 2017) (FTCA claim dismissed for failing to state a "sum certain").  Additionally, Defendants contend that under 28 U.S.C. § 2675(a), a Complaint cannot be filed under the FTCA until it has "been finally denied by the agency in writing" or six months have elapsed since it was filed without an agency disposition.  Although Reynolds allegedly "presented" his tort claim on December 11, 2019, it was acknowledged as received by Defendants on January 10, 2020, but not denied.  The Complaint in this Court was filed on June 8, 2020.  Under 28 U.S.C. § 2675(a), his Complaint in this Court alleging a claim under the FTCA was not timely filed. *Hughes v. Wilson*, No. 1:03-CV-00769, 2005 WL 1620410, at *2 (S.D. Ohio July 5, 2005) (dismissing untimely FTCA because it was filed "days short of the six-month review period required by statute").  Accordingly, Plaintiff has failed to exhaust his administrative remedies.

However, even if Plaintiff had exhausted his administrative remedies, his claim must still be dismissed since it is preempted by the Rehabilitation Act and the CSRA.

Plaintiff's First Amended Complaint alleges Defendants failed to abide by federal anti-discrimination laws and agency rules governing the employment relationship.[10]  The Rehabilitation Act, however, is "a federal employee's exclusive remedy for employment related discrimination based on a disability. *Plautz v. Potter*, 156 F. App'x 812, 816 (6th Cir. 2005).  Additionally, as a federal employee, any violation of agency rules is governed by the Civil Service Reform Act ("CSRA") which provides "a comprehensive, preemptive system for the review of personnel actions affecting federal employees." *Alder v. Tenn. Valley Authority*, 43 Fed. Appx. 952, 955 (6th Cir. 2002) (quoting *United States v. Fausto*, 484 U.S. 439, 443 (1988)).  Private causes of action are generally prohibited under the CSRA in favor of administrative remedies that must first be exhausted as a "jurisdictional prerequisite to suit." *Bush v. Lucas*, 462 U.S. 367, 388–89 (1983); *Hamilton v. Geithner*, 666 F.3d 1344 (D.C. Cir. 2012 (quotation omitted).  Reynolds cannot use the exclusive remedies afforded to him under the Rehabilitation Act or the CSRA, as the basis for his claim under the FTCA.  *Plautz*, 156 F. App'x at 816; *Spinosi v. United States*, No. 2:11-cv-961, 2011 WL 7144897, at *4 (S.D. Ohio Dec. 6, 2011) (Deavers, M.J.), report and recommendation adopted, 2012 WL 368133 (S.D. Ohio Feb. 3, 2011), (holding that claimant cannot use the FTCA to "enforce

---

[10] Reynolds also alleges that that by purchasing the book, The Uncivil Servant, Defendants "breached a duty" to be "good stewards." Doc.#27, PageID#273.  Under *Smith v. Jefferson County Bd. of School Com'rs*, 641 F.3d 197, 209 (6th Cir. 2011) (en banc) (citing *Frothingham v. Mellon*, 262 U.S. 447, 487 (1923)), Plaintiff lacks standing to assert this claim.

purported federal statutory duties" or to vindicate rights under the Rehabilitation Act). Accordingly, Plaintiff's Third Cause of Action is dismissed with prejudice.

**IV.     Motion for Fees and Costs Incurred by Defendants' Failure to Waive Service, Doc. #32, and Motion to Restore Amanda Smith and Jeffrey Frederick as Personal Capacity Defendants and Alternate Motion to Conduct Jurisdictional Discovery. Doc. #33**

Because the Court has sustained Defendants' Motion to Dismiss, Doc. #29, Plaintiff's Motions for Fees and Costs Incurred by Defendants' Failure to Waive Service, Doc. #32, and Motion to Restore Amanda Smith and Jeffrey Frederick as Personal Capacity Defendants and Alternate Motion to Conduct Jurisdictional Discovery, Doc. #33, are overruled as moot.

**V.     Conclusion**

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, Doc. #29, is SUSTAINED. Plaintiff's First and Fourth Causes of Action, alleging violations under the Rehabilitation Act, and his Third Cause of Action under the FTCA are dismissed with prejudice. Plaintiff's Second Cause of Action under the WPA is dismissed without prejudice to refiling, if timely, with the proper agency or court subject to the strictures of Fed. R. Civ. P. 11.

The captioned cause is hereby ordered terminated upon the docket records

of the United States District Court for the Southern District of Ohio, Western

Division, at Dayton.

Date: March 31, 2022

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

24